Mettlen v. Hendrickson.

---

No. 23,313.

EVERETT METTLEN, *Appellee,* v. JOHN P. HENDRICKSON, revived in the name of BELLE HENDRICKSON, as Executrix, etc., *Appellant.*

SYLLABUS BY THE COURT.

COLLISION OF MOTOR VEHICLES—*Injuries—Trial—New Trial Properly Granted.* The proceedings examined, and *held,* findings of fact were set aside by an order granting a new trial, made in proper exercise of the district court's authority.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed December 10, 1921. Affirmed.

*Carr W. Taylor,* and *John H. Connaughton,* both of Hutchinson, for the appellant.

*J. S. Simmons,* and *Stuart Simmons,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for injuries sustained by the plaintiff in a collision between his motorcycle and an automobile driven by J. P. Hendrickson, who was defendant in the district court. The jury returned a general verdict in favor of the plaintiff, and special findings of fact. The defendant moved for judgment on the findings, and the motion was denied. The plaintiff moved for a new trial on several grounds, and the motion was sustained on the single ground that the verdict was contrary to the evidence. The defendant appealed.

Main street, extending from north to south in the city of Hutch-

inson, is crossed by Avenue A, extending from east to west. The defendant drove southward on the west side of Main street to the intersection, intending to turn to the left and go northward on the east side of Main street. The plaintiff was going eastward on Avenue A, intending to overtake an interurban car for Wichita which had crossed Main street and was moving eastward. Just as the defendant was about to make his turn to the left, the collision occurred. One of the plaintiff's legs was broken. He suffered much pain, lost considerable time, paid hospital and surgeon· fees amounting to more than $200, and will be permanently injured to some extent. He prayed judgment for $6,000. The jury allowed him $100. The findings of fact follow:

"1. If you find that the negligence of the defendant caused any injury to the plaintiff, state in what respect or respects the defendant was thus -negligent. A. In failing to look ahead.

"3. Could the plaintiff see the automobile in which defendant was riding and driving at all times from a point approximately 30 feet north of the north line of Avenue A, and immediately in front of the Leader Clothier Store, up to the point of collision? A. Yes.

"4. What was the condition of Avenue A west from the intersection with Main Street, as to being covered with ice? A. It was icy.

"5. Could the plaintiff see the said condition of Avenue A, and was he acquainted with its condition? A. Yes.

"6. If the plaintiff had exercised ordinary care and caution at the time and place in question, would his injury have been avoided? A. Yes."

The defendant insists that the general verdict was set aside for a specific reason not incompatible with the findings of fact, that the findings were not assailed by any one, and were not set aside, and consequently that the court erred in not giving judgment for the defendant on the findings. The order granting a new trial necessarily vacated the findings and, considering the conduct of the court as a whole, it is quite clear the refusal to render judgment on the findings was part of the court's plan to have the case retried. If the plaintiff were entitled to recover at all, he was entitled to compensation for his undisputed injuries and expenditures. He was found guilty of contributory negligence, and the verdict should have been for the defendant. The plaintiff, however, was given a small sum, which would carry costs, which would operate as a kind of fine of the negligent defendant, and which the defendant would likely pay. This insincerity on the part of the jury cast suspicion on all its work, and the court was well within its authority in granting a new trial.

The plaintiff says the sixth finding, conceding it to be sound, did not preclude recovery by the plaintiff, because there was opportunity for application of the doctrine of last clear chance. The finding excluded last clear chance. The plaintiff also says the defendant's own testimony established negligence of the defendant as a matter of law. Since there must be another trial, the evidence will not be discussed, but the defendant's testimony tended strongly to relieve him of fault.

The judgment of the district court is affirmed.